**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PATRICIA PATTERSON, | No. CIV S-07-0564-CMK |
| Plaintiff, | |
| vs. | <u>ORDER</u> |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |
| _____/ | |

      Plaintiff, who is proceeding with retained counsel, brings this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Following plaintiff's motion for summary judgment, the parties entered into a stipulation to remand this case to the defendant for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Accordingly, judgment was entered on January 4, 2008. Pending before the court is plaintiff's motion for attorney fees pursuant to the Equal Access to Justice Act (hereinafter EAJA), 28 U.S.C. § 2412(d) (Doc. 22).

/ / /

/ / /

1

## Background

The Social Security Administration originally denied plaintiff's claim for Social Security and/or Supplemental Security Income disability benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401 *et seq*. and 1381 *et seq*. Her requests for reconsideration were also denied. A hearing was held before an Administrative Law Judge (ALJ), who also denied plaintiff's disability benefits in part. This action followed the ALJ's decision.

## Discussion

The EAJA authorizes an award of "fees and other expenses" to a prevailing party in a case against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). In social security appeals such as this, the Commissioner bears the burden of showing that her decision to deny benefits was substantially justified "to a degree that could satisfy a reasonable person." See Pierce v. Underwood, 487 U.S. 552, 565 (1988). In this case the Commissioner does not challenge the plaintiff's entitlement to fees, and the court's own review of the record does not reveal any special circumstances which would render an EAJA award unjust. See 28 U.S.C. §. 2412(d)(1)(A). Thus, the court concludes that the position of the Commissioner was not justified and that reasonable fees should be awarded under the EAJA.

Having concluded that an EAJA award is proper, the court moves to the contested issue of whether the amount sought by plaintiff's counsel is reasonable. "This court has discretion in determining the amount of a fee award, including the reasonableness of the hours claimed by the prevailing part." Gates v. Deukmejian, 987 F.2d 1392, 1398 (9th Cir. 1992) (citing Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)); see also INS v. Jean, 496 U.S. 154 (1990) (the district court's determination of what fee is reasonable under the EAJA is the same as the standard in Hensley). With respect to attorney's fees, plaintiff's counsel requests a total of $5,829.50 for 35.6 hours of work. The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a

special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The rates submitted by plaintiff's counsel are adjusted to account for cost of living increases–a rate of $163.75 per hour. To support these adjustments, plaintiff's counsel cites the United States Department of Labor's Consumer Price Index, which according to the Ninth Circuit, constitutes proper proof of the increased cost of living since the EAJA's enactment and justifies an award of attorney's fees greater than the statutory cap. See Sorenson v. Mink, 239 F.3d 1140, 1148 (9th Cir. 2001). The Commissioner does not challenge the hourly rates proposed by plaintiff's counsel. The court's own review of the plaintiff's evidence indicates that the figures are accurate. Accordingly, the court finds that the hourly rates proposed by plaintiff's counsel are reasonable.

The court next moves to the itemized accounting of attorney time that plaintiff's counsel submitted in support of the fee application. According to plaintiff's counsel, she spent a total of 35.6 hours working on this case in the following manner: 1.5 hours discussing the case with the referring attorney and her client, and drafting her client a letter; 0.75 hours drafting the complaint and other documents for filing; 0.7 hours reviewing case documents (IFP order, scheduling documents, USM forms, answer); 8.5 hours reviewing the records and conducting legal research; 20.5 hours drafting the motion for summary judgment; 0.4 hours reviewing the remand offer; 0.75 hours discussing case with her client and referring attorney; and 2.5 hours dealing with attorney fees. The Commissioner challenges this figure as unreasonable and excessive, and argues that plaintiff's counsel failed to exclude hours that were excessive, redundant, or otherwise unnecessary.

Specifically, the Commissioner takes issue with the 29.75 hours counsel spent conducting research, reviewing the record, and drafting the complaint and motion for summary judgement; the 2.95 hours counsel spent discussing the case with her client and referring counsel and reviewing case documents; and the 2.5 hours counsel spent dealing with attorney fees. The Commissioner argues that plaintiff's counsel's fees should be reduced by 12.6 hours: 9.75 hours in research, review and drafting; 1.85 hours in client communication; and 1.0 hour in attorney fee

requests.

After reviewing the materials submitted in connection with this appeal, the court is not persuaded that plaintiff's counsel's billing is unreasonable. Counsel spent 2 hours and 15 minutes discussing this matter with her client and the referring attorney, and less than 45 minutes reviewing court documents. Defendant indicates all of this could have been accomplished in just over one hour. Although defendant may be correct, the court does not find spending less than three hours on these tasks unreasonable. Similarly, defendant argues that counsel could have calculated her hours, drafted her fee request, reviewed defendant's response, drafted a fee petition, and a letter to her client in an hour and a half, instead of the two and a half she spent. Again, this may be correct, but the court does not find the two and a half hours unreasonable.

Finally, defendant argues that counsel could have reviewed the record, conducted the necessary legal research and drafted the complaint and the motion for summary judgment in 20 hours, instead of the 29.75 hours she spent. Counsel spent 45 minutes drafting the complaint. The record in this case is almost 400 pages. Assuming a rate of 60 pages per hour, a review of the record would have reasonably taken about six and a half hours. Counsel then spent another two hours conducting research and outlining her brief. She then spent 20.5 hours actually drafting the 21 page motion for summary judgment, which raised three issues. Again, the court does not find spending 20.5 hours drafting a motion for summary judgment to be unreasonable.

The total number of hours plaintiff's counsel spent working on this matter is 35.6 hours. The bulk of this time was spent prior to defendant's stipulation to remand the case. By stipulating to the remand, defendant saved plaintiff's counsel time reviewing an opposition or cross-motion for summary judgment as well as drafting and filing a reply brief. District courts have found that spending between 20 and 40 hours on a social security case that is not particularly difficulty is a reasonable amount of time. See <u>Harden v. Comm'r Social Security</u>, 497 F. Supp.2d 1214, 1215-1216 (D. Or. 2007), <u>Patterson v. Apfel</u>, 99 F. Supp.2d 1212, 1215 n. 2 (N.D. Cal. 2000) (citing several cases). The 35.6 hours counsel is claiming in this case is on

1 the higher end of this scale given that additional time would have been spent if defendant had not
2 stipulated to a remand, but it is still within the average range.  Therefore, the court does not find
3 the amount of time plaintiff's counsel spent on this case was unreasonable.
4        Accordingly, IT IS ORDERED that plaintiff's counsel's request for attorney fees
5 is granted in the amount of $5,829.50.

 DATED: April 21, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

5